IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **G&G CLOSED-CIRCUIT EVENTS, LLC.,** as Broadcast Licensee of the March 5, 2011 Strikeforce: Rafael "Feijao" Cavalcante/Dan Henderson Program,<br><br>Plaintiff,<br><br>v.<br><br>**(1) HOUSTON HOBBY INVESTMENTS, INC.,** individually and d/b/a **FOUR POINTS HOTEL BY SHERATON;**<br>**(2) HARISH DHANJI DAND** a/k/a **HARISH D. DAND** a/k/a **HARISH DAND**, individually and d/b/a **747 RESTAURANT & BAR** and d/b/a **FOUR POINTS HOTEL BY SHERATON**; and<br>**(3) ASHA H. DAND** a/k/a **ASHA HARISH DAND**, individually and d/b/a **747 RESTAURANT & BAR** and d/b/a **FOUR POINTS HOTEL BY SHERATON,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:14-CV-00733-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss (Doc. 8), filed June 20, 2014.  After

carefully reviewing the motion, Plaintiff's response[1], pleadings, and applicable law, the court **denies**

Defendants' Motion to Dismiss (Doc. 8) but determines for other reasons that Plaintiff's pleadings

are insufficient to state claims under sections 553 and 605 of the Federal Communications Act  upon

---

[1] Plaintiff's Response to Defendant's Motion to Dismiss is thirteen pages in length. Local Civil Rule 7.2 requires briefs in excess of ten pages to include a table of contents and table of authorities. *Failure to comply with the court's Local Civil Rules in the future will result in the non-complying document being stricken.*

which relief can be granted. Plaintiff, however, will be allowed to amend its pleadings to cure the deficiencies noted.

## I.      Background

G&G Closed Circuit Events, LLC ("Plaintiff"), as Broadcast Licensee of the March 5, 2011 Strikeforce: Rafael "Fiejao" Cavalcante/Dan Henderson Program, brought this action on February 25, 2014, against Houston Hobby Investments, Inc., individually and d/b/a 747 Restaurant & Bar and d/b/a Four Points Hotel by Sheraton; Harish Dhanji Dand a/k/a Harish D. Dand a/k/a Harish Dand, individually and d/b/a 747 Restaurant & Bar and d/b/a Four Points Hotel by Sheraton; and Asha H. Dand a/k/a Asha Harish Dand, individually and d/b/a 747 Restaurant & Bar and d/b/a Four Points Hotel by Sheraton (collectively, "Defendants") for violations of sections 553 and 605 of the Federal Communications Act ("FCA").   On June 20, 2014, Defendants moved to dismiss both claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).   A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must

set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan*

*Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556

U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the

plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not

evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion,

its task is to test the sufficiency of the allegations contained in the pleadings to determine whether

they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty

Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th

Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial

of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof

to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

## III.    Analysis

### A.    Claim Under Section 553

Defendants contend that they are entitled to dismissal of Plaintiff's claim for alleged

violations of section 553 of the FCA under the "safe harbor" provision of section 553, which

provides: "No person shall intercept or receive or assist in intercepting or receiving any

communications service offered over a cable system, unless specifically authorized by a cable

operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). For support,

Defendants rely on *J&J Sports Production, Incorporated v. Mandell Family Ventures, Incorporated*,

751 F.3d 346, 348 (5th Cir. 2014) ("*Mandell*"), in which the court held that the safe harbor provision

of section 553 precluded liability because the defendant lawfully received a broadcast from a cable

operator.   Defendants further assert, based on the affidavit of Plaintiff's investigator, that the

broadcast of the event was received via standard cable, to which Defendants lawfully subscribe.

Plaintiff counters that Defendants' motion improperly shifts the burden to it to prove that Defendants

were not authorized by a cable operator to show the event in question in their establishment.   The

court agrees.

Defendants' reliance on *Mandell* is misplaced, as that case was decided at the summary

judgment stage.  For the same reason, the court cannot consider the affidavit attached to Defendants'

Motion to Dismiss because the document is not referenced in Plaintiff's Original Complaint

("Complaint") and is therefore outside of the pleadings.  *See Baker*, 75 F.3d at 196.  Thus, while

Defendants contend that they received authorization from their cable provider to intercept the event

in question, the court must accept as true Plaintiff's allegation, that Defendants did not have the

requisite authorization, in ruling on Defendants' Motion to Dismiss under Federal Rule of Civil

Procedure Rule 12(b)(6).   Dismissal on this ground is therefore inappropriate.

The court nevertheless determines *sua sponte* that the allegations in the Complaint as to this

claim are deficient and fail to state a claim upon which relief can be granted under section 553 of the

FCA.  Section 553 covers the interception or receipt of a "cable" communication.[2]  *Mandell Family*

---

[2] A district court is authorized to *sua sponte* consider the sufficiency of a complaint and dismiss an action or claim for failure to state a claim under Rule 12(b)(6) after a party is given notice and an opportunity to respond.  *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 733 n.7 (N.D. Tex. 2011) (noting that a district court has authority to consider the sufficiency of a complaint and dismiss an action on its own motion as long as the procedure employed is fair).  Because Plaintiff will be given an opportunity to file an amended complaint to correct the deficiencies herein noted, a response by Plaintiff to the matters raised by the court is not necessary.  *See id.* (raising ground for dismissal *sua sponte* and concluding that the procedure was fair because the plaintiff was granted leave to replead).  Proceeding in this manner will prevent undue delay and

*Ventures, Inc.*, 751 F.3d at 353-54 ("A logical reading of the two provisions reveals a clear demarcation whereby "[§] 605 deals with communications traveling through the air (via radio), [and] § 553 covers communications traveling over cable wire.") (citation omitted).   Thus, at a minimum, Plaintiff must allege facts that, if proved, would establish that Defendants' interception of the event on March 5, 2011, involved the interception or receipt of a cable communication.   Plaintiff does not allege that Defendants intercepted or received a cable communication or communication traveling over cable wire in violation of section 553.   Plaintiff instead merely alleges in conclusory fashion that Defendants intercepted or received an unspecified "communication" on March 5, 2011, of the event.

Plaintiff is correct in that it is entitled to plead claims in the alternative; however, this does not relieve Plaintiff of its obligation to plead sufficient facts to support each claim asserted.[3]   Plaintiff also contends with respect to both claims that it should not be required to allege more specifically facts supporting its claims because of the inherent difficulty in determining at this stage whether Defendants acquired the signal for the broadcast by cable or satellite.   Regardless of any such inherent difficulty, Plaintiff should know and be able to allege whether the event, which originated via satellite, was a communication that was intended to be or was capable of traveling through the air via radio or cable and being broadcast via radio or cable, or both.   Pl.'s Compl. ¶ 10.   Plaintiff

---

facilitate the orderly and expeditious disposition of Plaintiff's claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962) (concluding that federal courts have inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," including the power to control their dockets, prevent undue delays in the disposition of pending cases, and avoid congested court calendars).

[3] Plaintiff cites a number of district court cases, most of which are from other jurisdictions, to support its contention that its pleadings in support of both claims are sufficient.   The district court decisions from other jurisdictions are not binding on this court.   Moreover, all but one of the cases cited by Plaintiff predate the Fifth Circuit's May 2, 2014 opinion in *Mandell*, and, in the one case that postdates *Mandell*, the defendant's motion to dismiss was granted in a two-sentence order without any discussion.   Further, to the extent that any of the cases cited by Plaintiff do not comport with the Fifth Circuit's holding in *Mandell* distinguishing between sections 553 and 605, the court declines to follow them.

should also know whether the event was broadcast by radio or cable. Although the court determines, for the reasons explained, that Plaintiff's section 553 claim is insufficient, as currently pleaded, to state a claim upon which relief can be granted, Plaintiff will be allowed to amend its complaint to cure the deficiencies noted.

### B.     Claim Under Section 605

Defendants contend that Plaintiff's section 605 claim should be dismissed because this provision only applies to radio communications. Section 605 of the FCA provides: "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance . . . to any person." 47 U.S.C. § 605(a). Defendants rely on *Mandell* and the aforementioned affidavit to support their contention that section 605 only applies to radio broadcasts, and that the broadcast at issue in this case occurred via television or cable, not radio. Plaintiff responds that its pleadings in the alternative are sufficient to satisfy its pleading burden at this stage. The court disagrees.

For the reasons already explained, the court cannot consider the affidavit in ruling on Defendants' Motion to Dismiss. The court nevertheless concludes that Plaintiff's pleadings are insufficient to state a claim for alleged section 605 violations. The Fifth Circuit in *Mandell* explained the distinction between section 553 and 605 claims and held that section 605 only pertains to the interception or receipt of "radio" communications or "communications traveling through the air (via radio)." *Mandell Family Ventures, Inc.*, 751 F.3d at 353-54. Plaintiff does not allege that Defendants intercepted or received radio communications or communications traveling through the air via radio in violation of section 605. As previously noted, Plaintiff instead merely alleges in conclusory fashion that Defendants intercepted or received a "communication" of unspecified nature

on March 5, 2011.  Moreover, it appears from Plaintiff's use of the word "telecast" in its pleadings that the alleged violation arose from the broadcast of the event by television, not radio.  The court will nevertheless allow Plaintiff to file an amended complaint to cure the deficiency noted.

### C.    Willfulness and Damages

Defendants contend that, even if Plaintiff has stated claims under sections 553 and 605, its damages would be minimal, and that the court has discretion to reduce a plaintiff's damages to as much as $100 or $250 for violations of sections 553 and 605.  Defendants further assert that Plaintiff has not alleged that Defendants had knowledge of the alleged broadcast or acted willfully. Defendants maintain that the affidavit of Plaintiff's own investigator belies any such finding because, according to the affidavit, the broadcast was shown on Showtime as part of a standard programming package rather than a pay-per-view broadcast, and there was only one patron in the bar at the time. Defendants therefore contend that there is nothing to support Plaintiff's inflated damages claim, which Defendants contend is nothing more than an improper attempt at extracting a settlement from Defendants for the cost of defense based on the nuisance value of the lawsuit.

Defendants are correct that sections 553 and 605 give the court discretion to reduce an award of damages to $100 under section 553 and $250 under section 605 "where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation" of sections 553 or 605.  47 U.S.C. §§ 553(b)(3)(C), 605(e)(C)(3)(iii).  As Defendants acknowledge, however, the amount of damages that Plaintiff may ultimately be entitled to under sections 553 and 605 is outside the scope of what the court can consider in ruling on its motion to dismiss pursuant to Rule 12(b)(6).  Further, the court determines that Plaintiff's allegation that it did not authorize Defendants to access the broadcast, combined with its allegations regarding the limited means of accessing the

closed-circuit broadcast, which was electronically coded or scrambled, are sufficient at this stage to support its assertion that the interception was willful.  *See Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-0889-B, 2014 WL 1632158, at *4 (N.D. Tex. Apr. 22, 2014) ("Courts have generally found this reasoning [as to willfulness] to be persuasive given the limited means by which defendants can access closed-circuit, pay-per-view events and the unlikelihood that an establishment could intercept such broadcasts by chance.").  Accordingly, dismissal on these grounds is not appropriate.

## IV.    Amendment of Pleadings

Because Defendants did not move for dismissal on the grounds discussed, and Plaintiff has not previously amended its pleadings, the court will allow Plaintiff to amend its pleadings even though it has not requested to do so.  Defendants contend that Plaintiff should not be allowed to amend because any attempt at amendment would be futile, but they provide no explanation as to why they believe amendment would be futile.  The court is not aware of any reason why amendment at this juncture would be futile.  The court will therefore allow Plaintiff to file an amended complaint that cures the deficiencies noted regarding its claims under sections 553 and 605 of the FCA.

## V.     Conclusion

For the reasons stated, the court **denies** Defendants' Motion to Dismiss (Doc. 8) but determines for other reasons that Plaintiff's pleadings are insufficient to state claims under sections 553 and 605 of the FCA upon which relief can be granted.  Accordingly, Plaintiff shall file an amended complaint by **October 24, 2014**, that cures the deficiencies noted by the court.  *Failure of Plaintiff to plead in accordance with the standard herein set forth or to file an amended pleading by the stated deadline will result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or*

*dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply*

*with a court order.*

**It is so ordered** this 3rd day of October, 2014.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 10**